UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA CORTIS and
GALAXY ENTERTAINMENT CENTER,

        Plaintiffs,

v.

CITY OF COLEMAN, HARVEY G. ROBINSON,
LARRY NIELSEN and PAUL MERCY,

        Defendants.

_____/

Case Number 10-13261-BC
Honorable Thomas L. Ludington

## OPINION AND ORDER CONSTRUING DEFENDANTS' MOTION TO DISMISS AS A MOTION FOR JUDGMENT ON THE PLEADINGS, CANCELING HEARING, GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING PLAINTIFFS' FEDERAL CLAIMS WITH PREJUDICE, AND DECLINING JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

On August 18, 2010, Plaintiffs Cynthia Cortis ("Cortis") and Galaxy Entertainment Center ("Galaxy") (collectively, "Plaintiffs") filed a complaint [Dkt. #1] against the City of Coleman, Mayor Harvey Robinson, Larry Nielson, and Paul Mercy, alleging conspiracy to deprive Plaintiffs of business opportunities in violation of federal law, improper regulation impeding Plaintiffs' endeavors in interstate commerce in violation of 18 U.S.C. §§ 241 and 242, violation of 42 U.S.C. § 1983 by discriminating against Plaintiffs and Plaintiffs' customers, liability for attorneys fees under 42 U.S.C. § 1988, and tortious interference with a business relationship or business expectancy under Michigan law. Defendants filed a motion to dismiss on October 25, 2010 [Dkt. #7] which was withdrawn after Plaintiffs filed an amended complaint on November 15, 2010 [Dkt. #10; Dkt. #12; Dkt. #13]. Plaintiffs' amended complaint included the same causes of action as the original complaint but provided additional factual allegations regarding Defendants' allegedly improper conduct as well as excerpts of sections from the United States Code.

Defendants filed separate answers to the amended complaint with affirmative defenses on January 26, 2011 [Dkt. #14; Dkt. #15; Dkt. #16;Dkt. #17]. Defendants then filed a motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 1, 2011 [Dkt. #19]. Because Defendants' motion to dismiss was filed after their responsive pleadings were filed the motion should be analyzed as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) rather than as one for dismissal pursuant to Rule 12(b)(6).

Defendants motion generally alleges that Plaintiffs' amended complaint provides only conclusory allegations that do not support a cause of action for conspiracy, that Plaintiffs' claims framing criminal causes of action do not create any civil causes of action, that Plaintiffs fail to implicate any federal law or constitutional right, that there is no separate cause of action for attorney fees, and that Plaintiffs have not pleaded their state cause of action in avoidance of immunity as required by controlling authority. Additionally, Defendants argue that one or more of Plaintiffs' federal claims are precluded by the doctrine of qualified immunity. Plaintiffs filed a response [Dkt. #22] on February 22, 2011, arguing that the allegations in the complaint are factually sufficient to state causes of action for each of the five counts. Defendants filed a reply [Dkt. #23] on March 1, 2011.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons provided below, the Court will **GRANT** Defendants' motion for judgment on the pleadings as to Plaintiffs' federal claims and will **DECLINE** to exercise jurisdiction over Plaintiffs' state law claims.

-2-

**I**

Galaxy is a Michigan Corporation doing business in the County of Midland. Cortis is a resident of the County of Gladwin and a shareholder of Galaxy, which consists of a gaming room facility, a pizza restaurant, and a dance club with entertainment. Galaxy is a tenant of CGBMT Enterprises, Inc., located in the City of Coleman. The City of Coleman is a municipal corporation located in the County of Midland. Harvey Robinson is the mayor of the City of Coleman. Defendants Mercy and Neilson are employed with the City of Coleman Police Department.

In May 2007, Plaintiffs submitted a site plan to the City of Coleman Planning Commission for the operation of a business on the premises and the site plan was approved at a City of Coleman Planning Commission meeting on June 28, 2007. Plaintiffs allege that thereafter, unidentified City of Coleman officers began ticketing Plaintiffs' customers for violations of local ordinances such as loitering, curfew violations, and underage smoking. Plaintiffs contend that the police officers told Plaintiffs that they had been instructed to strictly enforce the local ordinances against Plaintiffs' customers but not against other similar businesses or their customers. Police cars, they explain, were regularly parked outside the business and altercations involving Plaintiffs' customers were investigated under circumstances where similar occurrences at other business establishments in the City's downtown business district would not be investigated.

The City of Coleman ultimately filed a nuisance case against Plaintiffs in 2009 which was later dismissed. Plaintiffs allege that Defendants Harvey Robinson, Larry Nielson, and Paul Mercy, with others, conspired to dismantle the operations of Galaxy Entertainment Center. As a result, Plaintiffs filed the instant case because Defendants drove away Plaintiffs' customers.

## II

Defendants have framed their motion as a motion to dismiss brought pursuant to Rule 12(b)(6). However, Defendants filed separate answers to Plaintiffs' amended complaint on January 26, 2011, but Defendants' motion to dismiss was not filed until February 1, 2011. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). However, pursuant to Federal Rule of Civil Procedure 12(h), the Court construes Defendants' "late" Rule 12(b)(6) motion as ones for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Garcia v. City of Oakwood*, 99 F.3d 1138, 1996 WL 593602, at *2 (6th Cir. 1996) (unpublished table decision) (stating that Rule 12(h)(2) permits a party to raise the Rule 12(b)(6) defense in a post-answer Rule 12(c) motion); *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 n.1 (6th Cir.1988) (construing post-answer Rule 12(b)(6) motion as Rule 12(c) motion). The nature of the inquiry remains the same, however, as Rule 12(c) simply provides the mechanism through which Defendants can assert their Rule 12(b)(6) defense. *See Satkowiak v. Bay County Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002); *Clark v. West Shore Hosp.*, 16 F. App'x 421, 425 n.3 (6th Cir. 2001).

"A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted).  When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.

-4-

2008).  A court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true." *Id*. (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Twombly v. Bell*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### III

#### A

In Count I - Conspiracy, Plaintiffs allege that "Defendants and its representatives, sought to systematically drive away customers . . . and in doing so conspired to deprive the Plaintiffs of business opportunities in violation of [unspecified] Federal law." (Am. Compl. ¶ 24.) Plaintiffs' claim Defendants did so by using "improper means to effectuate legal ends or used improper means to effectuate their aim to eradicate the operation" of Galaxy's business. (*Id*. ¶ 31.) Defendants did these things, according to the Complaint, by "issuing baseless tickets" to customers of Galaxy and thereby driving away Galaxy's customers. (*Id*.) Plaintiffs also identify and quote three statutes under

Count I, 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. § 1983, without explanation. They further allege that the previous allegations constitute violations of federal law and that those violations have deprived them of their equal protection rights, resulting in damages in excess of $75,000 plus costs and attorney fees.

Defendants contend Plaintiffs have alleged factual conclusions in Count I but no facts to support a "conspiracy" claim. Plaintiffs allegation that Defendants "conspired to deprive the Plaintiffs of business opportunities in violation of Federal law" is unexplained by any fact allegation. Initially, there is no meaningful indication of what "Federal law" Plaintiffs refer to. They quote three federal statutes, but how those statutes relate to a claim of conspiracy is unexplained. Without knowing the federal laws that Defendants allegedly violated, it is not possible to conclude a claim is adequately pled. Additionally, Plaintiffs make no effort to specify which Defendant performed any specific act that might be viewed as in furtherance of a conspiracy.  Plaintiffs appear to rely on the allegations in ¶ 31 of the first amended complaint of "improper means" to harm Plaintiffs' business by issuing baseless tickets, but Plaintiffs again do not explain which Defendant conspired to do so nor how any individual Defendant was part of any conspiracy.

Furthermore, Defendants emphasize that the result does not change when the claims from the "Common Allegations" of the first amended complaint are incorporated. Those allegations merely provide the same conclusions as in ¶ 15 that the three individual Defendants "conspired" to "systemically attempt to dismantle the operation" of Galaxy's business. Plaintiffs' allegation that "City police officers" "had been directed" to strictly enforce ordinances against Plaintiffs are irrelevant because those police officers are not identified. As a result, Defendants contend that no allegation alone or combined with others makes out a "conspiracy" claim against any Defendant

-6-

under federal law. Because no cognizable claim is pled, Defendants contend that Count I should be dismissed.

Plaintiffs argue in their response that an adequate complaint does not require identifying the specific police officers referenced in the allegations but do not provide any legal support for this contention. Plaintiffs also allege that an individual named Office Mercury advised that he was instructed to specifically enforce ordinances, as was told to Officer Neilson and others, combined with blatantly racially and offensive comments by the mayor. Plaintiffs contend that they can advance evidence that the City based its enforcement decisions on "impermissible reasons" and that they are entitled to recovery. These additional facts and allegations presented by Plaintiffs are not referred to or contained in the pleadings, and the Court is not to consider such additional facts and allegations when deciding a motion  based on Rule 12(c). Fed. R. Civ. P. 12(d).

Defendants are correct, however, that the law is clear that 18 U.S.C. § 241 and 18 U.S.C. § 242 do not create civil causes of action alone or based on a conspiracy claim. *Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996). Instead, § 241 provides for criminal penalties for conspiracies "to injure, oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution of laws of the United States." It does not authorize a civil suit for damages. Courts have also refused to find a private cause of action for alleged violations of § 242. *Woods v. McGuire*, 954 F.3d 388, 391 (6th Cir. 1992); *see also Moore v. Potter*, 47 F. App'x 318 (6th Cir. 2002); *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97 (2d Cir.1981). As a result, Plaintiffs conspiracy claim based on §241 and § 242 will be dismissed with prejudice.

-7-

Furthermore, a civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935, 934 (6th Cir. 1985). Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. *Id.* Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. *Id.* at 934-44. All that must be shown is that there was a single plan, that the alleged coconspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.* at 944.

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). The Sixth Circuit has acknowledged, however, that because "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy." *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000) (alteration in original).

In Plaintiff's § 1983 conspiracy claim, they allege that unspecified officers and the named Defendants conspired together. While Plaintiffs do describe the alleged effects of the conspiracy, the allegations are too vague to state a claim. There is no basis alleged for inferring that Defendants acted in concert or that Defendants had a single plan when they acted. As discussed above, a conspiracy claim is properly dismissed where the complaint merely alleges broad conclusory language void of the material factual allegations necessary to support a conspiracy theory. Such is the case here and Plaintiffs' conspiracy claim based on § 1983 will be dismissed with prejudice.

-8-

**B**

In Count II, Plaintiffs allege Defendants violated two criminal statutes, 18 U.S.C. §§ 241 and 242, the text of which are set forth in ¶¶ 25 and 26 of the first amended complaint. The statutes provide that the conspiratorial actions referenced in those statutes are criminal in nature and subject to fines and imprisonment. Nothing in the statutes creates a civil cause of action..

Plaintiffs respond that they identified separate causes of action under §§ 241 and 242 as the predicate for their conspiracy claim, but recognize that the statutes are not considered an independent cause of action for damages. Because Plaintiffs' claims under Count I for violations of §§ 241 and 242 define a crime and no basis for a civil action, they will be dismissed. Plaintiffs' claims under Count II will similarly be dismissed with prejudice.

**C**

In Count III (Am. Comp. ¶¶ 40-44), Plaintiffs allege a claim pursuant to 42 U.S.C. § 1983, claiming that Defendants acted under color of law to discriminate against Plaintiffs and Plaintiffs' customers. Plaintiffs emphasize that Cortis is a female and claim she was "discriminated against in her ownership of a business in downtown Coleman." (Am. Compl. ¶ 40.) They claim Galaxy "was also discriminated against due to the fact that its customers were driven away based on impermissible considerations of race." (*Id*.) Plaintiffs' claim Defendants' conduct was egregious, not reasonable and "not the proper exercise of a governmental function." (*Id*. ¶¶ 42-43.)

Proof of a claim under 42 U.S.C. § 1983 requires plaintiffs, at the threshold, to allege: "two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Plaintiffs set

forth the following acts as supporting a claim under 42 U.S.C. § 1983: (1) "discrimination against the plaintiffs and customers of the plaintiff's business"; (2) discrimination against Cortis "in her ownership of a business in downtown Coleman"; and (3) discrimination against Galaxy "due to the fact that its customers were driven away based upon impermissible considerations of race." (Am. Compl. ¶ 40.) Defendants contend that ¶¶ 41-43 only provide conclusory statements. The allegations do not identify facts that implicate any federal law or constitutional right subject to protection under 42 U.S.C. § 1983. As a result, Defendants contend that they are entitled to a judgment on the pleadings as to Count III of the first amended complaint.

Plaintiffs respond that the first amended complaint highlights a plausible right to relief based on the mayor's testimony which made clear that the City had a policy towards "Negroes" which is evidence of an intent to treat African Americans unequally. Plaintiffs were then treated in a biased manner because of their business relationships with African American customers. However, as noted in Section III.A., these additional facts and allegations are not contained in the pleadings. The Court must not consider such additional allegations when deciding a motion based on Rule 12(c). Fed. R. Civ. P. 12(d).

A plaintiff may sue a municipality or county under 42 U.S.C. § 1983 for a constitutional violation. *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Specifically, a plaintiff can bring a 42 U.S.C. § 1983 claim when *he or she* is deprived "of any rights, privileges, or immunities secured by the Constitution and laws," as a result "of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Plaintiffs have not pleaded a cause of action for discrimination based on race or gender. Plaintiffs statement that Cynthia Cortis is a "female who was discriminated against in her ownership of a business" is insufficient to establish that Plaintiff Cortis

-10-

is entitled to relief.  Plaintiffs allege that as a female, Cortis was discriminated against as a business owner, but nothing in the pleadings alleges discrimination based on gender aside from the conclusion of gender discrimination offered in ¶ 30. Furthermore, although Plaintiffs customers may have been subjected to discriminatory conduct, Plaintiffs do not explain why they have a cause of action based on alleged violations of their customers' Constitutional rights.  As a result, Count III will be dismissed with prejudice.

**D**

In Count IV - Violation of 42 U.S.C. § 1988 Plaintiffs' seek to identify as a separate cause of action an entitlement to attorney fees. Defendant emphasize that the statute provides no cause of action; it provides no more than a mechanism for recovering fees for prevailing parties in § 1983 actions.

Plaintiffs respond that the Court should resolve this issue by either allowing an additional amendment to the complaint to incorporate a request for attorney fees or add a "wherefore clause" to the complaint.

Defendants are correct that a prevailing § 1983 plaintiff is entitled to recover his or her reasonable attorney fees under 42 U.S.C. § 1988.  However, § 1988 does not provide for a separate cause of action. Additionally, Plaintiffs have already requested costs and attorneys fees wrongfully sustained under their § 1983 claim. Count IV will be dismissed with prejudice.

**E**

Defendants' motion also challenges the sufficiency of Plaintiffs' pleading for their tortious interference with a business relationship/business expectancy claim under Michigan law.  However, because Defendants are entitled to summary judgment on all of Plaintiffs' federal claims, the Court

will decline to exercise jurisdiction over Plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed.").

**IV**

Accordingly, it is **ORDERED** that Defendants' motion to dismiss [Dkt. #19] is **CONSTRUED** as a motion for judgment on the pleadings.

It is further **ORDERED** that the hearing scheduled for March 24, 2011, is **CANCELED**.

It is further **ORDERED** that Defendants' motion for judgment on the pleadings [Dkt. #19] is **GRANTED**.

It is further **ORDERED** that Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE**, and the Court **DECLINES JURISDICTION** over Plaintiffs' state law claims.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---